Cory J. Rosenbaum
Rosenbaum, Famularo & Segall, PA
138 E. Park Avenue
Long Beach, New York 11561
Tel: 212-256-1109
Email: CIR@AmazonSellersLawyer.com
Attorneys for Plaintiff
Global Goods Collective, LLC

Susan Barilich, Esq.
Susan Barilich, P.C.
Cal. Bar No. 159530
535 N. Brand Blvd. Ste. 504
Tel. 818-500-0377
Fax 800-850-7209
Attorneys for Plaintiff
Global Goods Collective, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL GOODS COLLECTIVE, LLC. <br><br> Plaintiff <br><br> v. <br><br> SEVILLE CLASSICS, INC., and DOE(S) 1-10 <br><br> Defendant(s) | CASE NO. <br><br> **PLAINTIFF'S COMPLAINT** <br><br> I. Business Disparagement <br><br> II. Tortious Interference with Contract and Business Relations <br><br> III. Tortious Interference with Prospective Economic Advantage <br><br> IV. Request for Injunctive Relief |

Plaintiff, by its undersigned attorneys, alleges the following as its Complaint against Defendant(s), SEVILLE CLASSICS, INC. and DOES 1-10, and as for grounds, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C §1332 because there is complete diversity between all parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiff, GLOBAL GOODS COLLECTIVE, LLC, is a Limited Liability Company incorporated in the State of Illinois. Plaintiff has one sole member, who is domiciled in the State of Illinois. Plaintiff's principal place of business is in Lisle, Illinois from which it operates the Amazon Storefront, "Global Goods Co." under Amazon Merchant Identification Number: A2DI2DR1VKH4US.

3. Defendant, SEVILLE CLASSICS INC., is a corporation with its principal place of business in California, where it was incorporated and it resides and is domiciled in this District at 19401 South Harborgate Way, Torrance, CA 90501. Defendant operates the Amazon storefront "Seville Classics" under Amazon Merchant Identification Number A1NXNOQV3LP9BH.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. The Plaintiff will amend this complaint to allege their true names and capacities when ascertained. The Plaintiff is informed and believes and thus alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that the Plaintiff's damages were proximately caused by their conduct.

5. Due to Defendant's tortious and unlawful acts, Plaintiff's Amazon storefront was suspended in-total on October 11, 2019, and, as a result, Plaintiff sustained economic damages in excess of Seventy-Five Thousand Dollars ($75,000). As of March 19, 2021, Plaintiff lost gross sales of approximately One Million Six Hundred Thousand Dollars ($1,600,000.00), ten

percent of which represents net profit ($160,000.00). These damages continue to accrue.

6. This Court has personal jurisdiction over Defendant(s), in that Defendant(s) conducts significant business in California, and in this Judicial District, and the acts and events giving rise to this lawsuit of which Defendant(s) stands accused were undertaken in California and in this Judicial District.

7. This Court has jurisdiction over the claims in this action that arise under the laws of the State of California.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant(s) since Defendant(s) directly targeted consumers in the United States, including California, through at least the fully interactive commercial Internet store sevilleclassics.com and Amazon storefronts. Defendant(s) further are committing tortious acts in California, interfering with interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of California.

## INTRODUCTION

9. Plaintiff has been forced to file this action to address Defendant's knowingly false and defamatory claims made in, on and to the online marketplace amazon.com owned and operated by Amazon.com, Inc. ("Amazon") to wit: that Plaintiff markets and sells goods on amazon.com that are counterfeit, inauthentic and/or infringed Defendants' intellectual property rights.

10. Plaintiff never sold any of the goods in question on Amazon's marketplace. However, had Plaintiff done so, it would have been within its rights pursuant to, *inter alia*, the First Sale Doctrine. The intent, purpose and objective of Defendant(s) and the underlying combination of unlawful acts and misconduct committed by Defendant(s) was to undermine Plaintiff and its business by filing false counterfeit complaints in an effort to circumvent Plaintiff's lawful right

to resell genuine products under the first sale doctrine.

11.     As the direct result of Defendants' knowingly false and defamatory claims, Plaintiff was first prohibited by Amazon from selling the goods in question. Thereafter, Plaintiff's Amazon seller account was suspended in total, preventing it from selling anything, not just the goods in question, on Amazon. In addition, Amazon has withheld and refused to disburse funds belonging to Plaintiff.

12.     Plaintiff has repeatedly notified Defendant that their claims are false and demanded their retraction. Defendant has either ignored those overtures or falsely claimed Plaintiff violated online distribution agreements restricting sale of the goods on Amazon which Plaintiff is neither a party to, nor bound by.

13.     Despite having actual knowledge that their claims are false and that they are acting in violation of the law, Defendants have intentionally and maliciously harmed Plaintiff by virtue of their defamatory, tortious and anti-competitive actions causing, *inter alia*, lost sales, breach of contractual relations with Amazon, damaged business reputation and degradation of its business' value.

14.     The events material to this action occurred between February 2018 and continue to date ("the relevant period").

15.     The basis for all allegations made herein upon information and belief are investigations undertaken by Plaintiff and/or its attorneys including, *inter alia*: reviewing information pertaining to Defendants maintained and provided by Amazon and/or available to the public; statements and complaints about Plaintiff purportedly made by Defendants; Plaintiff and its counsel's extensive knowledge of the rules, practices and procedures governing the sale of goods on Amazon, including the conduct at issue herein and; representations of reputable sellers

of Defendants' goods, upon which Plaintiff relied in good faith.

16. During the relevant period, Plaintiff marketed and sold goods on the online marketplace known as amazon.com pursuant to a contract ("the contract") with Amazon.

17. Upon information and belief, Amazon has developed an automated process for addressing complaints relating to the sale of goods that are inauthentic, counterfeit and/or infringe on intellectual property rights. Pursuant to that process Amazon will often suspend sellers about whom such complaints are made.

18. Amazon's policy, which is published to all sellers including Defendants, states "[i]f your notice of infringement is accepted, we will remove the content you reported and take appropriate action against the responsible sellers."[1]

19. "Inauthentic" as that term is used in the Amazon marketplace is a term of art which connotes goods that differ materially from their description or otherwise infringe on intellectual property rights.

20. "Counterfeit" as that term is used in the Amazon marketplace is a term of art which connotes goods that are false or fraudulent copies of legitimate goods or otherwise infringe on intellectual property rights.

21. At no time did Plaintiff market or sell any goods that were inauthentic, counterfeit or infringed on the intellectual property rights of Defendants.

22. During the relevant period, Plaintiff marketed goods manufactured by Defendants on Amazon with the intent to sell them by the method known as "drop shipping." Drop shipping is the practice of accepting a customer's order for a certain product, then purchasing that product from another seller and having it shipped directly to the customer.

---

[1] https://sellercentral.amazon.com/gp/help/external/U5SQCEKADDAQRLZ

-5-

**PLAINTIFF'S COMPLAINT**

23. At no time prior to the acts complained of, did Plaintiff purchase, procure, possess, sell or drop ship any goods manufactured by Defendants.

24. After Defendant committed the acts complained of, Plaintiff purchased goods purportedly manufactured by Defendants from Home Depot.

25. Each product listed for sale on Amazon is assigned a unique Amazon Sales Identification Number ("ASIN").

26. It is Amazon's policy to prevent a product from being assigned multiple ASINs.

27. In furtherance of that policy, Amazon requires sellers who wish to market and sell a product that is already listed for sale on Amazon to join the existing ASIN listing.

28. Other than Plaintiff adding itself to the relevant listing as set forth *infra*, Plaintiff neither created nor modified those listings.

## FIRST CAUSE OF ACTION:
## BUSINESS DISPARAGEMENT
**(Defendant Seville Classics, Inc.)**

29. During the relevant period, Plaintiff joined the listings for ASIN B075N1YKR6 thereby offering to sell the products corresponding thereto.

30. Upon information and belief, the products corresponding to the aforementioned ASIN are manufactured by Defendant.

31. On or about October 08, 2019, using the email bill.kahale@sevilleclassics.com, Defendant knowingly made false representations to Amazon that Plaintiff was marketing and selling products under the aforementioned ASIN that were counterfeit, inauthentic and/or infringed on Defendant's intellectual property rights. (see Exhibit A - Defendant's Defamatory Statements).

32. As the result of these false representations by Defendant, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASINs

thereby preventing Plaintiff from selling those products.

33. Plaintiff notified Defendant that its representations to Amazon were false, that Plaintiff has never sold any of its products and demanded that Defendant withdraw its false complaints which Defendant has refused to do. (see Exhibit B - Plaintiff's Requests to Defendant)

34. At all relevant times, Defendants failed to verify the truthfulness of their statements or investigate Plaintiff's sources for the relevant products before publishing their false statements to Amazon in bad faith and without privilege or justification.

35. At the times and in the manner set forth above, Defendants' knowingly false statements to Amazon constituted accusations that Plaintiff trafficked in counterfeit goods which is a crime pursuant to 18 U.S.C. §2320. 70. Defendants' false statements were, *prima facie*, injurious to Plaintiff's business.

36. At all relevant times, Defendants acted in bad faith with actual malice, oppression and reckless disregard for Plaintiff's rights individually and in concert and conspiracy.

37. The aforementioned false and defamatory statements regarding Plaintiff's business practices constitute business disparagement.

38. As the result of the foregoing actions by Defendants, Plaintiff has sustained damages including, *inter alia*, lost sales, harm to its reputation and diminution of the value of its business.

39. Pursuant to all applicable statutes, laws, rules and regulations, Defendants are liable to Plaintiff for compensatory, statutory and punitive damages as well as reasonable legal fees and expenses.

40. Defendants have obtained profits as the result of the tortious acts they committed that they would not otherwise have realized and Plaintiff is entitled to disgorgement of such profits.

**PLAINTIFF'S COMPLAINT**

## SECOND CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS
(Defendant Seville Classics, Inc.)

41. Plaintiff repeats all allegations as if set forth at length.

42. At all relevant times, Plaintiff had an advantageous business relationship with Amazon, which allowed it to sell on Amazon's website as a third-party seller.

43. At all relevant times, Plaintiff was in a contractual relationship with Amazon.

44. At all relevant times Defendant(s) were aware of Plaintiff's business and contractual relationship with Amazon.

45. On October 10, 2019, Amazon canceled its contract with Plaintiff and suspended Plaintiff's seller account due to Defendant's knowingly false and defamatory complaints and their refusal to withdraw them, thereby preventing Plaintiff from doing any business on Amazon's marketplace.

46. Defendant intentionally and consciously interfered with Plaintiff's contractual and business relationship with Amazon as set forth above.

## THIRD CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
(Defendant Seville Classics, Inc.)

47. Plaintiff repeats all allegations as if set forth at length.

48. As a result of its business and contractual relationship with Amazon, Plaintiff had a reasonable expectation of entering a business relationship with customers wishing to purchase goods through its Amazon storefront.

49. Upon information and belief, Defendants were aware of Plaintiff's aforementioned expectation.

50. By virtue of their aforementioned knowingly false statements to Amazon, Defendants intentionally and unjustifiably and in conjunction interfered with the aforementioned expectation

by causing the cancellation of Plaintiff's contractual and business relationship with Amazon.

51.     Plaintiff was harmed by the aforementioned intentional and unjustifiable interference with Plaintiff's prospective economic advantage.

## INJUNCTIVE RELIEF
### Federal Rule of Civil Procedure 65

52.     Plaintiff repeats all allegations as if set forth at length.

53.     Plaintiff faces a real and imminent danger of irreparable harm as any further complaints by Defendants in combination with those previously made will result in further irreparable damage to its reputation, diminution in the value of its business and other harm.

54.     An injunction requiring Defendant(s) to withdraw their complaints and prohibiting them from making future complaints is necessary to protect Plaintiff's legal rights including, but not limited to, selling goods on Amazon.

55.     Plaintiff is likely to succeed on the merits of the claims contained herein because, *inter alia*, Defendants' actions constitute defamation *per se,* and the only available defense to Plaintiff's claims is that Defendants' statements were true, which they are not.

56.     The public interest will be served by the issuance of an injunction in this matter because large companies such Defendants should not be allowed to defame, strongarm and otherwise interfere in the lawful business activities of good faith competitors in an open market with impunity.

57.     Unless this Court issues the requested injunction, Plaintiff's contractual and business relations with Amazon will remain severed indefinitely and Plaintiff will be prevented from engaging in prospective business relations in the future.

## PRAYER FOR RELIEF

i.      For a temporary restraining order, a preliminary injunction and a permanent

injunction enjoining Defendant and Defendant's agents, servants, and employees, and all persons acting under, in concert with, or for Defendant to withdraw their complaints and prohibiting them from making future complaints to protect Plaintiff's legal rights including, but not limited to, selling goods of Amazon.

ii. For all damages to which it may be entitled;

iii. For attorney's fees as provided by law;

iv. For costs of suit incurred; and,

v. For such other further relief, both monetary and non-monetary as the Court may deem proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury pursuant to F.R.C.P. 38.

///

DATED: October 5, 2022

**ROSENBAUM, FAMULARO & SEGALL, PA**

*/s/ Cory J. Rosenbaum*

Cory J. Rosenbaum
Attorney for Plaintiff
Global Goods Collective, LLC
[Pro Hac Vice Application Pending]

**SUSAN BARILICH, P.C. (Co-Counsel)**

*/s/ Susan Barilich*

Susan Barilich, Esq.
Attorney for Plaintiff
Global Goods Collective, LLC